Templeton Lime Co. v. Schmidt et al., 194 Ill. App. 447.

Templeton Lime Company, Defendant in Error, v. George A. Schmidt and Camillo Marcuccilli. Camillo Marcuccilli, Plaintiff in Error.

Gen. No. 20,579. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LABUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed June 17, 1915.

## Statement of the Case.

Suit brought in the Municipal Court of Chicago by the Templeton Lime Company against George A. Schmidt and Camillo Marcuccilli to recover a mechanic's lien. Schmidt was a contractor for certain work in connection with a building being erected for Marcuccilli, and the plaintiff was a subcontractor who furnished Schmidt materials to be used in connection with the building. On a trial without a jury the issues were found for the plaintiff and its damages assessed in the sum of and judgment entered for $93.80 and costs, and a lien on the premises decreed, from which the defendant Camillo Marcuccilli prosecutes a writ of error.

The single controverted question of fact was the time when the subcontractor's notice was served on the defendant Marcuccilli, the service being conceded but the date disputed. The last day on which the notice could have been served was January 2, 1914. Mr. Halleman, secretary and treasurer of the plaintiff company, testified that on that day about 6:45 p. m. he served the necessary notice on Marcuccilli at his home, that he made a memorandum of this fact upon the notice; that prior to that day he called Marcuccilli's attention to the amount due and stated that unless it was paid by January 2nd he would have to serve a lien notice. Marcuccilli, in addition to his own tes-

timony, offered the evidence of two other witnesses who he claimed were present when the notice was served. Marcuccilli stated that the notice was served January 9th or 10th, and that after keeping the notice in his possession for two or three days, he handed it to his bookkeeper; that he fixed the date because it was four or five days after he had reopened his ice cream cone factory, about January 5th. Marcuccilli further stated that he told Halleman when he served the notice that the money had already been paid to Schmidt, and that he was not liable therefor. The two other witnesses for Marcuccilli testified that the notice was served about the 9th or 10th of January, and they fixed the date by reference to the opening of the ice cream cone factory.

WILLIAM A. JENNINGS, for plaintiff in error.

NELS H. OLSON, for defendant in error.

MR. JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. EVIDENCE, § 475*—*when province of court to determine where preponderance lies.* It is the province of a court sitting without a jury to weigh and consider conflicting evidence and to determine where the preponderance lies; and in doing so to take into consideration the intelligence, fairness and means of information of the witnesses, their appearance and demeanor on the stand, and their interest in the suit and relationship to the parties, together with any and all circumstances attendant upon the giving of their testimony.

2. EVIDENCE, § 475*—*what constitutes preponderance.* Mere number of witnesses does not control in determining where the preponderance lies.

3. MECHANICS' LIENS, § 196*—*when decree on conflicting evidence as to service of notice sustained.* A decree granting a subcontractor a mechanic's lien will not be disturbed, where the question whether notice thereof was given in the proper time rested on conflicting testimony, and the court trying the case without a jury accepted that of the plaintiff instead of that of the defendant although the latter was sustained by the greater number of witnesses.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.